**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY L. GIDDENS, M.D.** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:08CV1457 LG-RHW** |
| | § | |
| **AUTO CLUB FAMILY INS. CO., ET AL.** | § | **DEFENDANTS** |

**<u>MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REMAND</u>**

THE MATTER BEFORE THE COURT is the Plaintiff's Motion to Remand [9], filed

April 10, 2009.  Auto Club Family Insurance Company and agent Dewain Culp filed a response.

After reviewing the record and the relevant law, the Court concludes that the Motion to Remand

is untimely and should be denied.

PROCEDURAL HISTORY

Plaintiff, a Florida resident, filed this lawsuit in Hancock County Circuit Court,

complaining of denial of insurance benefits by the Defendant insurance companies, and negligent

procurement of insurance and misrepresentation by Defendant Culp.  Culp is a Mississippi

resident, and the insurance companies are both Missouri corporations, with their principal places

of business in Missouri.  The suit was removed on December 8, 2008 based on complete

diversity of the parties.  Because Culp, a removing defendant, was a Mississippi resident, Auto

Club argued that, in the event the Court found the case nonremovable under 28 U.S.C. § 1441(b),

Culp had been improperly joined and his citizenship should be disregarded.  The Motion to

Remand argues that Culp was not improperly joined.

DISCUSSION

The Petition for Removal was filed December 8, 2008.  Plaintiff's Motion to Remand

was filed four months later, on April 10, 2009.  The Federal Rules require that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C.A. § 1447(c).  Plaintiff's Motion to Remand was filed beyond the 30-day period, and it does not establish a lack of subject matter jurisdiction.  Although Plaintiff takes issue with Auto Club's removal argument that Culp had been improperly joined, complete diversity of the parties exists with or without Culp.  Accordingly, it is not necessary for the Court to resolve the question of improper joinder.  As Plaintiff has not challenged the Court's subject matter jurisdiction, the remand motion is untimely and will be denied.  *See In re Shell Oil Co.*, 932 F.2d 1518, 1522-23 (5th Cir. 1991).

      **IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion to Remand [9] is **DENIED**.

      **IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1 (B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall notify the magistrate judge of this order and shall promptly submit an order lifting the stay entered in this matter on April 13, 2009.

      **SO ORDERED AND ADJUDGED** this the 18th day of June 2009.

s/*Louis Guirola, Jr.*

Louis Guirola, Jr.
United States District Judge